# Exhibit A

| | |
|---|---|
| DISTRICT COURT OF ARAPAHOE COUNTY<br>STATE OF COLORADO<br>7325 S Potomac Street, #100<br>Centennial, Colorado 80112<br>_____<br><br>Plaintiff: **RIKKI MCALISTER,** individually and on behalf of all others similarly situated,<br><br>**v.**<br><br>Defendants: **LGI HOMES CORPORATE, LLC.,** a Texas limited liability company, and **KEVIN WOLF,** individually.<br>_____<br>Attorneys for the Plaintiff:<br><br>Claire E. Hunter, #39504<br>Adam M. Harrison, #50553<br>HKM Employment Attorneys LLP<br>730 17th Street, Suite 750<br>Denver, Colorado 80202<br>Phone: (720) 668-8989<br>Fax: (720) 668-8989<br>E-mail: chunter@hkm.com<br>　　　　aharrison@hkm.com<br><br>Jennifer A. Wadhwa, #44911<br>3i Law LLC<br>2000 S. Colorado Boulevard<br>Denver, Colorado 80206<br>Phone: (303) 245-2100<br>E-mail: jwadhwa@3ilawfirm.com | DATE FILED: May 23, 2023 2:45 PM<br>FILING ID: C6ECDFFE918D6<br>CASE NUMBER: 2023CV30960<br><br><br>▲COURT USE ONLY▲<br>_____<br><br>Case Number:<br><br>Division: |

## INDIVIDUAL AND CLASS ACTION COMPLAINT

The Plaintiff, Rikki McAlister ("McAlister"), individually and on behalf of all others similarly situated, through her undersigned attorneys from HKM Employment Attorneys LLP and 3i Law LLC, as her Individual and Class Action Complaint against the Defendants, LGI Homes Corporate, LLC ("LGI"), a Texas limited liability company, and Kevin Wolf ("Wolf"), individually (collectively, "Employers"), states as follows:

1

## NATURE OF THE ACTION

1. McAlister worked for the Employers in Colorado from January 2016 to February 2023. She is one of dozens of individuals who worked for the Employers as on-site sales representatives ("OSSRs") in Colorado during the period from May 23, 2017 to the present ("Relevant Period").

2. The Employers violated the Colorado Wage Act, C.R.S. § 8-4-101 *et seq.* ("CWA"), the Colorado Minimum Wages of Workers Act, C.R.S. § 8-6-101 *et seq.* ("CMWA"), the applicable Colorado Minimum Wage Orders, 7 C.C.R. 1103-1 (2017-2020), and the applicable Colorado Overtime and Minimum Pay Standards ("COMPS") Orders, 7 C.C.R. 1103-1 (2020-2023) (collectively "Colorado Wage and Hour Law") by:

   a. Failing to pay OSSRs overtime compensation at a rate of one and one-half times their regular rates of pay for the hours they worked over 40 per week, 12 per day, and/or 12 per shift;

   b. Failing to provide rest periods to OSSRs for every four hours, or major fractions of four hours, that OSSRs worked or, in the alternative, to pay the OSSRs wages owed for the rest periods that were not provided to them; and

   c. Making deductions from OSSRs' wages based on "draw" that was paid to OSSRs during pay periods in which the OSSRs would have otherwise received no wages.

3. On April 3, 2023, McAlister sent a written demand to the Employers seeking payment of the wages due to herself and the other OSSRs. The Employers received the written demand, but have not tendered any of the wages due to McAlister and the other OSSRs.

4. At all times relevant to this Complaint, the Employers knew – or through the exercise of reasonable diligence should have known – that their actions violated Colorado Wage and Hour Law. As such, the Employers' violations of Colorado Wage and Hour Law were willful. *See* C.R.S. §§ 8-4-109(3)(b)(II) (enhanced penalties for willful violations); 8-4-122 (three-year statute of limitations for willful violations of CWA); *see also Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011) (wage violation is "willful" if the employer "either knew or showed reckless disregard for the matter of whether its conduct violated the statute").

5. On behalf of herself and all others similarly situated, McAlister seeks declaratory and injunctive relief, unpaid wages, unpaid minimum wages, unpaid overtime compensation, reimbursement for unlawfully-deducted wages, compensation for rest periods not provided, mandatory penalties under C.R.S. § 8-4-109(3)(b)(I), additional penalties under C.R.S. § 8-4-109(3)(b)(II), reasonable attorney's fees, and costs.

## PARTIES

6.  McAlister is a Colorado citizen who is domiciled at 963 W. 100th Place, Northglenn, Colorado 80260.

7.  At all times relevant to this Complaint, McAlister was an "employee" subject to the protections of Colorado Wage and Hour Law. C.R.S. § 8-4-101(5). *See* C.R.S. § 8-4-101(5); 7 C.C.R. 1103, Rule 1.5(A).

8.  LGI is a Texas limited liability company with its principal office at 1450 Lake Robins Drive, Suite 430, Spring, Texas 77380. LGI may be served through its registered agent, Corporation Service Company, at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

9.  At all times during the Relevant Period, LGI did business in Colorado, and the OSSRs worked for LGI in Colorado. *See* C.R.S. § 8-1-111 ("The director is vested with the power and jurisdiction to have such supervision of every employment and place of employment in this state...").

10.  At all times during the Relevant Period, LGI was an "employer" subject to the requirements and prohibitions of Colorado Wage and Hour Law. *See id.*; *see also* C.R.S. § 8-4-101(6); 7 C.C.R. 1103-1, Rule 1.6(A).

11.  Wolf is a Colorado citizen and the Vice President of Operations for LGI. On information and belief, Wolf is domiciled at 29343 E. 165th Avenue, Brighton, Colorado 80603.

12.  At all times relevant to this Complaint, Wolf was an "employer" as defined by Colorado Wage and Hour Law because he: (1) had the power to hire and fire OSSRs; (2) supervised and controlled OSSRs' work; and (3) maintained employment records. *See* C.R.S. § 8-4-101(6) ("'Employer' has the same meaning as set forth in the federal 'Fair Labor Standards Act,' 29 U.S.C. sec. 203(d)"); 29 U.S.C. § 203(d) ("'Employer' means any person acting directly or indirectly in the interest of an employer in relation to an employee"); *see also Inniss v. Rocky Mountain Inventory, Inc.*, 385 F. Supp. 3d 1165, 1167 (D. Colo. 2019) (discussing individual liability under the FLSA); *Koelhoffer v. Plotke-Giordani*, 858 F. Supp. 1181, 1189-90 (D. Colo. 2012) (same); **Ex. 1**: CDLE Interpretive Notice § Formal Opinion ("INFO") #11A.

## JURISDICTION AND VENUE

13.  McAlister incorporates the allegations in the foregoing paragraphs as if fully set forth herein.

14.  This Court has original jurisdiction over this action pursuant to Article 6 § 9(1)

3

of the Colorado Constitution and C.R.S. § 13-1-124(1)(a) and (b), and (c).

15. At all times relevant to this Complaint, LGI did business in Colorado, and the OSSRs worked for LGI in Colorado.

16. Venue is proper before this Court pursuant to Rule 98 because LGI is a nonresident of this state who may be found, and will be served, in this District.

## GENERAL ALLEGATIONS

17. McAlister incorporates the allegations in the foregoing paragraphs as if fully set forth herein.

18. Wolf is the Vice President of Operations of LGI.

19. At all times relevant to this Complaint, Wolf had the power to hire and fire OSSRs.

20. Wolf also had influence over the wages that were to be paid to OSSRs.

21. At all times relevant to this Complaint, Wolf exercised significant control over the operations of LGI and its employees.

22. Also at all times relevant to this Complaint, Wolf maintained employee records.

23. McAlister worked for the Employers as an OSSR in Colorado from January 2016 to February 2023.

24. The Employers employed dozens of OSSRs in Colorado during the Relevant Period.

25. At all times relevant to this Complaint, the OSSRs performed their job duties for the Employers on site, *i.e.*, working from LGI offices that were located in the State of Colorado.

26. Throughout her employment with the Employers, McAlister worked extremely long hours. For example, she worked at least 70 hours during the pay period from May 13, 2017 to May 26, 2017; she worked at least 75 hours during the pay period from October 10, 2020 to October 23, 2020; and she worked at least 75 hours during the pay period from July 16, 2022 to July 29, 2022.

27. McAlister frequently worked around 75 hours per week for the Employers. Based on her observations, experience, and conversations with many other OSSRs, McAlister is aware that other OSSRs worked similarly-long hours.

28. At all times during the Relevant Period, the Employers had a policy of not paying OSSRs overtime compensation for hours they worked over 40 per week, 12 per day, and/or 12 per shift.

29. As a result of this policy, the Employers did not pay McAlister and the other OSSRs overtime compensation at a rate of one and one-half times their regular rates of pay for the overtime hours that they worked.

30. The Employers did not maintain complete and accurate records of all of the hours worked by McAlister and the other OSSRs. To the best of her knowledge and recollection, McAlister worked more than 7,000 hours of overtime during the Relevant Period, for which she was not paid overtime compensation.

31. At all times during the Relevant Period, the Employers did not provide OSSRs with compensated 10-minute rest periods for every four hours, or major fractions of four hours, that the OSSRs worked, as required by Colorado Wage and Hour Law. *See* **Ex. 2**: CDLE INFO #4. Nor did the Employers compensate the OSSRs for the work they performed during 10-minute periods that the OSSRs worked, that should have been compensated rest periods. *See id.*

32. As a result of the Employers' failure to provide rest periods, McAlister was regularly deprived of rest periods and/or rest period compensation for 15 to 20 rest periods per week. Based on her observations, experience, and conversations with many other OSSRs, they also worked without rest periods and/or any compensation for missed rest periods.

33. McAlister estimates that she worked through more than 3,000 rest periods during the Relevant Period.

34. In addition, the Employers had a policy of making deductions for "draws" that were received by OSSRs during periods in which they did not receive any other compensation.

35. At no time during the Relevant Period did McAlister or the other OSSRs agree in writing to have "draws" deducted from their wages.

36. The deductions made for "draws" were enormous, consisting of thousands of dollars that were taken out of OSSRs' pay each year.

37. At no time during the Relevant Period did the Employers provide McAlister or the other OSSRs with an itemized earning statement detailing their gross wages earned before deductions made for draws, as required by Colorado Wage and Hour law. *See* C.R.S. § 8-4-103(4).

38. However, McAlister was able to determine that the Employers deducted $102,000.00 from McAlister's wages for "draws" she had received during prior periods in

5

which she would not have otherwise received any wages or compensation.

39. On April 3, 2023, McAlister sent LGI a written demand on behalf of herself and all other employees who were affected by the Employers' failure to pay overtime compensation, failure to provide rest periods, and unlawful wage deductions.

40. LGI received the written demand, but refused to tender any of the wages due to McAlister and the other OSSRs.

## CLASS ALLEGATIONS

41. McAlister incorporates the allegations in the foregoing paragraphs as if fully set forth herein.

42. In addition to bringing her claims individually, McAlister also brings this case as a class action under C.R.C.P. 23 on behalf of two classes:

> **CWA Class**: All individuals who worked for LGI and Wolf as on-site sales representatives in Colorado from May 23, 2020 to the present[1]
>
> **CMWA Class:** All individuals who worked for LGI and Wolf as on-site sales representatives in Colorado from May 23, 2017 to May 18, 2020[2]

43. Both the CWA Class and the CMWA Class ("Classes") satisfy the prerequisites and requirements of C.R.C.P. 23:

  a. The Classes consist of dozens of employees and former employees. Joinder of all such employees would be impracticable.

  b. There are questions of law and fact that are common to the Classes, which questions predominate over issues affecting only individual Class Members, including but not limited to:

   i. Whether the Employers are covered by Colorado Wage and Hour Law;

   ii. Whether Wolf, individually, is an "employer" under Colorado Wage

---

[1] *See* C.R.S. § 8-4-122 (setting out three-year statute of limitations for willful violations of CWA).

[2] *See Rodriguez v. 5830 Rest. Corp.*, No. 21-CV-01166-KLM, 2023 WL 1507195, at *6 (D. Colo. Feb. 3, 2023) (citing cases where six-year statute of limitations was applied to claims brought under Colorado Minimum Wage Orders and COMPS Orders, as well as contrary authority, in holding that statute of limitations "is an unsettled question of Colorado law").

       and Hour Law;

iii. Whether the Employers had a uniform policy or practice of failing to pay overtime compensation to OSSRs in violation of Colorado Wage and Hour Law;

iv. Whether the Employers failed to provide rest periods, or rest period compensation, to OSSRs as required by Colorado Wage and Hour Law;

v. Whether the Employers violated Colorado Wage and Hour Law by making deductions for "draws;"

vi. Whether the Employers' violations of Colorado Wage and Hour Law were "willful" as a matter of law; and

vii. (For the CMWA Class) The statute(s) of limitations applicable to the Class Members' claims.

44. McAlister's claims are typical of the Class Members' claims because she was subject to the policies and practices that are at issue in this action: the Employers failed to pay her overtime compensation for more than 7,000 hours of overtime, failed to provide her with more than 3,000 rest periods, and deducted $102,000.00 from her wages for "draws."

45. McAlister will fairly and adequately protect the interests of the Classes. She has retained counsel that is experienced in wage and hour class litigation, and McAlister and her counsel are free from any conflicts of interest that might prevent them from pursuing this action on behalf of the Classes.

46. The prosecution of this case as a class action is superior to other methods of adjudication. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the Employers. Adjudications with respect to individual Class Members would as a practical matter be dispositive to the interests of the other Class Members or substantially impair or impede their ability to protect their interests. The Employers have acted on grounds generally applicable to the Classes. Moreover, other than McAlister, no Class Member has commenced their own litigation.

//

//

## FIRST CLAIM FOR RELIEF

### FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE COLORADO WAGE ACT

C.R.S. § 8-4-101 *et seq.*
7 C.C.R. 1103-1

*On behalf of McAlister and the CWA Class*

47. McAlister incorporates the allegations in the foregoing paragraphs as if fully set forth herein.

48. At all times relevant to this Complaint, McAlister and CWA Class Members were "employees" subject to the protections of the CWA. *See* C.R.S. § 8-4-101(5).

49. At all times relevant to this Complaint, LGI and Wolf were "employers" subject to the requirements and prohibitions of the CWA. *See* C.R.S. § 8-4-101(6); *see also Inniss*, 385 F. Supp. 3d at 1167.

50. The CWA requires employers to pay all "wages" and "compensation" earned by employees in a timely manner, which generally must be 30 days or fewer from the date on which the wages/compensation are earned. C.R.S. § 8-4-103(1)(a).

51. The wages/compensation due to employees generally must include overtime compensation at a rate of one and one-half times the employees' regular rate(s) of pay for all hours worked in excess of 40 per week, 12 per day, and/or 12 per shift. *See* 7 C.C.R. 1103-1, Rule 4.

52. Employers who violate the CWA by failing to pay wages/compensation earned by an employee, and who continue to violate the Act by failing to "tender" such wages/compensation within 14 days of receiving a "written demand" are liable for either: (A) treble damages, if the employee is not able to show that the employer's wage violation was "willful;" or (B) quadruple damages, if the employee *is* able to show that the violation was willful. C.R.S. § 8-4-109(3)(a)-(b); *see Graham v. Zurich Am. Ins. Co.*, 2012 COA 188, ¶¶ 12-14 ("penalties are mandatory if (1) the employee makes a written demand for payment and (2) the defendant does not pay within fourteen days").

53. In addition, employers who violate the CWA are presumptively liable for attorney's fees and costs incurred by the employee in obtaining their unpaid wages. C.R.S. § 8-4-110(b); *Lester v. Career Bldg. Acad.*, 338 P.3d 1054, 1058 (Colo. App. 2014).

54. LGI and Wolf violated the CWA by failing to pay overtime compensation to

8

McAlister and the other CWA Class Members for the hours they worked over 40 per week, 12 per day, and/or 12 per shift.

55. The Employers further violated the CWA by failing to tender the overtime compensation due to McAlister and the other CWA Class Members within 14 days of receiving a written demand from McAlister.

56. At all times relevant to this Complaint, the Employers knew or should have known that they were required to pay overtime compensation to McAlister and the other CWA Class Members. As such, their violations were willful. *See Mumby*, 636 F.3d at 1270.

57. Accordingly, the Employers are liable to McAlister and the CWA Class Members for unpaid overtime compensation, mandatory penalties under C.R.S.§ 8-4-109(3)(b)(I), additional penalties under C.R.S.§ 8-4-109(3)(b)(II), reasonable attorney's fees, and costs. *See* C.R.S. §§ 8-4-109; 8-4-110.

## SECOND CLAIM FOR RELIEF

### FAILURE TO PROVIDE COMPENSATED REST PERIODS IN VIOLATION OF THE COLORADO WAGE ACT
### C.R.S. § 8-4-101 *et seq.*
### 7 C.C.R. 1103-1

*On behalf of McAlister and the CWA Class*

58. McAlister incorporates the allegations in the foregoing paragraphs as if fully set forth herein.

59. Under the CWA, employers are required to provide employees with compensated 10-minute rest periods for every four hours, or major fractions of four hours, that the employees work. 7 C.C.R. 1103-1, Rule 5.2 (2020-2023). "When an employee is not authorized and permitted a required 10-minute rest period, his or her shift is effectively extended by 10 minutes without compensation." *Pilmenstein v. Devereux Cleo Wallace*, 2021 COA 59, ¶¶ 19, 39; *see* **Ex. 2**.

60. The Employers violated the CWA by failing to provide rest periods to McAlister and the other CWA Class Members, or to compensate the OSSRs for the rest periods that were not provided to them.

61. The Employers further violated the CWA by failing to tender the wages due to McAlister and the other CWA Class Members within 14 days of receiving a written demand.

62. Because the Employers knew or should have known that they were required to

9

provide rest periods to OSSRs and failed to do so, the Employers' violations of the CWA were willful as a matter of law.

63. Accordingly, the Employers are liable for unpaid wages for every rest period that was not provided, mandatory penalties, additional penalties, reasonable attorney's fees, and costs. *See Pilmenstein*, 2021 COA 59, ¶¶ 19, 39.

## THIRD CLAIM FOR RELIEF

**IMPROPER DEDUCTIONS IN VIOLATION OF THE COLORADO WAGE ACT**

**C.R.S. § 8-4-101** *et seq.*

*On behalf of McAlister and the CWA Class*

64. McAlister incorporates the allegations in the foregoing paragraphs as if fully set forth herein.

65. Under the CWA, "employers 'shall [not] make a deduction from the wages or compensation of an employee' except as specifically enumerated under Colorado Revised Statue Annotated § 8-4-105." *Latham v. High Mesa Commc'ns*, No. 17-CV-2118-JLK-GPG, 2020 WL 1317421, at *10 (D. Colo. Jan. 13, 2020); *see* **Ex. 3**: CDLE INFO # 16.

66. The only deductions permitted under C.R.S. § 8-4-105 are: (1) Tax deductions and deductions authorized by court orders; (2) Deductions for retirement contributions; (3) Deductions for loans, advances, goods or services, and equipment or property provided to an employee pursuant to a written agreement, so long as the agreement is "enforceable and not in violation of law;" (4) Deductions necessary to cover a shortage due to theft by the employee, where a police report regarding the theft has been filed; and (5) Revocable deductions, including for insurance, savings plans, stock purchases, supplemental retirement plans, charities, and deposits to financial institutions. C.R.S. § 8-4-105(1).

67. The CWA declares that "[a]ny agreement, written or oral, by any employee purporting to waive or to modify such employee's rights in violation of this article shall be void." C.R.S. § 8-4-121.

68. The Employers violated the CWA by making deductions from the CWA Class Members' wages for "draws."

69. They further violated the CWA by failing to tender the wages due to McAlister and the other CWA Class Members within 14 days of receiving a written demand.

70. Because the Employers knew or should have known that the wage deductions

10

they made from OSSRs' wages were a violation of the CWA, the Employers' violations of the CWA were willful. *See Mumby*, 636 F.3d at 1270.

71. Accordingly, the Employers are liable to McAlister and the other CWA Class Members for back wages, mandatory penalties, additional penalties, reasonable attorney's fees, and costs. *See* C.R.S. §§ 8-4-109; 8-4-110.

## **FOURTH CLAIM FOR RELIEF**

**FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE COLORADO MINIMUM WAGES OF WORKERS ACT**

**C.R.S. § 8-6-101** *et seq.*
**7 C.C.R. 1103-1 (2017-2020)**

*On behalf of McAlister and the CMWA Class*

72. McAlister incorporates the allegations in the foregoing paragraphs as if fully set forth herein.

73. At all times relevant to this Complaint, McAlister and CMWA Class Members were "employees" subject to the protections of the CMWA. *See* C.R.S. § 8-4-101(5).

74. At all times relevant to this Complaint, the Employers were "employers" covered by and subject to the requirements and prohibitions of the CMWA. *See* C.R.S. § 8-4-101(6); 7 C.C.R. 1103-1:2 (2017-2020).

75. At all times relevant to this Complaint, the CMWA required the Employers to pay McAlister and the other CMWA Class Members overtime compensation at a rate of one and one-half times their regular rates of pay for all hours worked over 40 per week, 12 per day, and/or 12 per shift. *See* 7 C.C.R. 1103-1, Rule 4; 7 C.C.R. 1103-1:4 (2017-2020); *see Pilmenstein*, 2021 COA 59, ¶¶ 58 (Pawar, J., concurring) (holding that claim based on Colorado Minimum Wage Orders may be brought under either the CWA or the CMWA).

76. The Employers violated the CMWA by failing to pay overtime compensation due to McAlister and the other CMWA Class Members.

77. As such, the Employers are liable to McAlister and the other CMWA Class Members for unpaid overtime compensation, reasonable attorney's fees, and costs. *See* C.R.S § 8-6-118.

## FIFTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE COMPENSATED REST PERIODS IN VIOLATION OF THE COLORADO MINIMUM WAGES OF WORKERS ACT

### C.R.S. § 8-6-101
### 7 C.C.R. 1103-1:8 (2017-2020)

*On behalf of McAlister and the CMWA Class*

78. McAlister incorporates the allegations in the foregoing paragraphs as if fully set forth herein.

79. At all times relevant to this Complaint, the CMWA required the Employers to provide OSSRs with compensated 10-minute rest periods for every four hours, or major fractions of four hours, that the OSSRs worked. *See* 7 C.C.R. 1103-1:8 (2017-2020).

80. The Employers violated the CMWA by failing to provide rest periods to McAlister and the other CMWA Class Members, or to compensate the OSSRs for the rest periods that were not provided to them.

81. As such, the Employers are liable to McAlister and the other CMWA Class Members for unpaid minimum wages, reasonable attorney's fees, and costs. *See* C.R.S § 8-6-118; *see also Pilmenstein*, 2021 COA 59, ¶¶ 19, 39.

## PRAYER FOR RELIEF

For the reasons set forth above, judgment should be entered for the Plaintiff, and against the Defendants, and the Plaintiff, the CWA Class, and the CMWA Class should be awarded:

1. A declaratory judgment condemning the Defendants' violations of Colorado Wage and Hour Law;

2. A permanent injunction prohibiting the Defendants from continuing to violate Colorado Wage and Hour law;

3. At the earliest practicable time, the Court should certify the CWA Class and the CMWA Class pursuant to C.R.C.P. 23, appoint the Plaintiff and her counsel to represent the Class, and authorize notice of this action to be sent to all potential Class Members;

4. To the Plaintiff and the CWA Class Members:

    a. Back wages, including unpaid overtime compensation, unpaid rest

       period compensation, and reimbursement for unlawful deductions, in amounts to be determined at trial;

    b. Mandatory penalties under C.R.S. § 8-4-109(3)(b)(I) in an amount to be determined at trial; and

    c. Additional penalties under C.R.S. § 8-4-109(3)(b)(II) in an amount to be determined at trial;

5. To the Plaintiff and the CMWA Class Members:

    a. Minimum wages, including unpaid overtime compensation in amounts to be determined at trial; and

    b. unpaid rest period compensation, in amounts to be determined at trial;

6. The Plaintiff's and Class Members' reasonable attorney's fees;

7. The costs incurred by the Plaintiff and the Class Members in this action; and

8. All other and further relief that the Court or the jury may find to be equitable, appropriate, and just.

Respectfully submitted on this 23rd day of May, 2023.

*/s/ Adam M. Harrison*

_____
Claire E. Hunter, #39504
Adam M. Harrison, #50553
HKM Employment Attorneys LLP
730 17th Street, Suite 750
Denver, Colorado 80202
Phone: (720) 668-8989
Fax: (720) 668-8989
E-mail: chunter@hkm.com
       aharrison@hkm.com

Jennifer A. Wadhwa
3i Law LLC
2000 S. Colorado Boulevard
Denver, Colorado 80206
Phone: (303) 245-2100
E-mail: jwadhwa@3ilawfirm.com

13

*Counsel for the Plaintiff, Rikki McAlister, individually and on behalf of all others similarly situated*

14