# Exhibit 30



**Division of Labor Standards and Statistics**
633 17th Street, Suite 600
Denver, CO 80202-2701
303-318-8060

## Notice Regarding Opinion/Exemption Letters

Years ago, in response to inquiries from private parties about labor law (mostly wage law), this Division occasionally responded with letters variously called "opinion letters" or "exemption letters." Some opinion/exemption letters declared recipients exempt from Colorado wage laws that otherwise applied to them. Others offered opinions about various matters, including whether recipients qualified for wage law exemptions. The Division has not issued such letters for over five years; some are a decade or two old. But they typically included no expiration dates, and they were neither posted publicly nor disclosed to other parties; most were requested by an attorney for the interested party, then sent only to that attorney. Consequently, old letters are being cited as still reflecting Division views, including in wage disputes in which opposing parties never knew of the letters. Given this confusion, the Division needs to offer clarity not only about these letters, but also about the services it offers Coloradans seeking labor law guidance.

1. Some opinion/exemption opined that the recipient warrants a new exemption from an applicable wage law. Recipients likely found those letters to be informative opinions on whether the Division might see merit in changing its wage rules, or advocating legislative change, to exempt parties like them. But those letters were not binding grants of exemptions with legal effect. The laws of Colorado are contained in Colorado's constitution, statutes, and regulations. Any change to a law requires the extensive notice and opportunity to be heard that Colorado proudly provides to all: any Coloradan can testify at the legislature on proposed legislation, can submit comments and testify on proposed regulations, and can vote on constitutional or statutory changes that go directly to the people as ballot measures. A document exempting a party from an applicable law would be a change to that law, but opinion/exemption letters underwent none of the mandatory processes that Colorado law requires to change a law. As the United States Supreme Court noted two centuries ago, in ruling that an executive official cannot declare an enacted law inapplicable to a particular party, we are "a government of laws, and not of men."

2. Some opinion/exemption letters opined not that the recipient warrants a new exemption, but that the recipient is entitled to an exemption under existing law. Recipients likely found those letters to be informative opinions on whether they could prevail in claiming exemptions. But those letters were not binding determinations with legal effect. All such letters came before 2015, when the Division first gained authority to issue binding adjudication decisions under the Wage Protection Act of 2014. Even if the pre-2015 Division had such authority, opinion/exemption letters still could not be binding decisions, because they would have been rulings *ex parte*—for one party, without notice to, or a chance to hear from, others with potentially differing interests. Any party asking for a wage law opinion/exemption letter has another party with differing interests in mind—an employer questioning whether it must pay an employee certain wages, or an employee questioning whether an employer must pay certain wages. A binding determination of parties' obligations to each other requires not just a response to a one-party request, but a fair adjudication: notice to all interested parties of the claims and defenses; opportunity for all to be heard; notice to all of any decision; and a right to appeal.

3. Some opinion/exemption letters, without opining about exemptions, offered the recipient an interpretation of existing law. Recipients likely found those letters to be informative opinions on the views of the Division at the time. But those letters were not binding determinations with legal effect. In conveying these opinions only in letters, the Division never purported to issue them as proposed rule changes with the public disclosure, notice, and opportunity to be heard that are required for interpretations to become binding rules. In addition to being non-binding, the opinions contained in such letters have been overtaken by the passage of time. Even those that are not a decade or two old are still at least five years old, so all predate significant changes to Colorado wage law: the creation of the Division's entire complaint and investigation process under the Wage Protection Act of 2014; several new laws in the ensuing years that changed many wage rights and obligations; numerous rulings by Colorado courts and Division Hearing Officers; and Division policy changes since all opinion/exemption letters were issued multiple Division administrations ago.

4. For the above reasons, all prior opinion/exemption letters of any kind from the Division—whether viewed as granting new exemptions, as declaring parties entitled to exemptions, or as offering other opinions or interpretations—were never binding. As non-binding opinions, they cannot be viewed as remaining in effect so many years later. To avoid potential confusion as to any of the above, all such letters are now rescinded.

    5.    For the same reasons, the Division's Advisory Bulletins and Resource Guide (ABRG) is no longer operative as reflecting Division opinions, interpretations, or rulings. The ABRG properly noted that it was "for informational purposes only," was "not intended to expand, narrow, or contradict current law," was not "legal advice," "and should not be relied upon as an official record of action or law." Though a longtime useful resource, the ABRG was last updated in 2012, so it precedes the many changes to wage law and policy noted above. Unlike opinion/exemption letters, however, the ABRG has been available on the Division website for public use. To avoid a potentially confusing sudden withdrawal of a resource that has continued to be used recently, the ABRG will remain on the Division website through at least January 1, 2020.

    6.    The Division will continue its practice of no longer issuing opinion/exemption letters. The United States Department of Labor (USDOL) offers opinion letters, but with an official process for requests, open publication of all responses, and express admonitions that they are non-binding: "The requirements of the Fair Labor Standards Act … are set by statutes and regulations.… Opinion letters serve as a means by which the public can develop a clearer understanding of what … compliance entails." Though an opinion letter process of that sort can be useful, the Division cannot offer individualized letters. Unlike the USDOL, the Division investigates, decides, and hears appeals on the majority of wage law disputes filed in its jurisdiction. The Division has worked hard to avoid backlogs, offering employers and employees timely investigations, followed by detailed written determinations and a prompt appeals process. To keep efficiently performing that core, legally mandated duty, the Division must minimize other individualized endeavors.

    7.    While not offering individualized letters, the Division will continue offering multiple options to Coloradans seeking guidance, or requesting interpretations, of any labor laws the Division administers.

- Any Coloradan with an individualized question can contact the Division's Call Center (303-318-8441), which functions much like opinion letters did, but reaches far more Coloradans and offers far more immediate responses. Each year, thousands of Coloradans, employers and employees alike, call with questions, and the Center responds with non-binding guidance that is immediate, well-informed, and typically well-received and appreciated by callers.

- In lieu of rewriting one combined Advisory Bulletins and Resource Guide, the Division is posting a series of "Fact Sheets," each addressing common labor law inquiries by employers, employees, and other stakeholders. As the pool of Fact Sheets expands, it will be organized so that Coloradans can easily find any particular topics on which they need guidance—or can download all at once, essentially replicating the one combined document we now have. The Division believes Fact Sheets will be more useful than individualized private letters, because they will be posted publicly and will not be limited to the facts of one workplace or requester. Because the Division will continue posting and updating Fact Sheets, any Coloradan can suggest a Fact Sheet topic by emailing cdle_labor_standards@state.co.us.

- In recent years, the Division has held numerous outreach events at which expert officials offer labor law guidance. Those events have been popular with employers and employees alike, so the Division will continue holding them. Anyone interested in learning about or suggesting future events is welcome to contact the Division.

- Any Coloradan may submit comments, and/or testify in person, about any proposals for new regulations or for changes to regulations—and, in doing so, may suggest that the Division adopt alternative regulations or interpretations.

The Division believes that through these multiple options, it will continue serving Coloradans well, with high-quality labor law guidance and with access for mutually informative exchanges of ideas with the Division. And the Division is always open to improvements in its services and processes, which any Coloradan may submit to cdle_labor_standards@state.co.us.

*Scott Moss* (signature)
Scott Moss
Director
Division of Labor Standards and Statistics, Colorado Department of Labor and Employment
June 24, 2019